BEST *v.* BENDER & LOUDEN MOTOR FREIGHT, INC.

CARRIERS—UNLOADING TRUCK—CONTRIBUTORY NEGLIGENCE—QUESTION
FOR JURY.

> Directed verdict for defendant motor carrier at close of plaintiff's proofs in action for injuries latter sustained as result of his participating in unloading 1443-pound shipment of 3 crates, each 5″ x 57″ x 90″, of fibre board from defendant's truck on the ground of plaintiff's contributory negligence, *held*, error, where question of fact for jury was presented as to whether plaintiff knew, or should have known, that the crates as loaded by defendant and resting on 5″ edge, were liable to fall as soon as the outermost crate was straightened.

Appeal from Kent; Searl (Fred N.), J.   Submitted October 4, 1964.   (Calendar No. 16, Docket No. 50,183.)   Decided June 7, 1965.

Declaration by Lester D. Best against Bender & Louden Motor Freight, Incorporated, a corporation, for alleged injuries sustained in the unloading of one of defendant's trucks.   Directed verdict and judgment for defendant.   Plaintiff appeals.   Reversed and remanded.

*Hayes & Davis (Kenneth T. Hayes,* of counsel), for plaintiff.

*Cholette, Perkins & Buchanan (Grant J. Gruel,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTE
38 Am Jur, Negligence § 184 *et seq.*

Souris, J. Plaintiff appeals from the trial court's direction of a verdict against him at the conclusion of his proofs. Plaintiff was the consignee of a shipment of fiber board transported by defendant carrier. The board was packed in three wooden crates, each measuring approximately 57 inches by 90 inches by 5 inches. The gross weight of the three crates was 1,443 pounds.

Defendant delivered the crates to plaintiff's place of business in a tractor-trailer unit. The crates were the only freight in the trailer. Two of the crates were standing upright against the side wall of the trailer resting on their 5-inch side with the 57-inch dimension being vertical. The third crate was tilted slightly so that it leaned against the other two. A brace was nailed to the top of the third crate and extended diagonally to the floor of the trailer where it also was nailed.

When the freight arrived plaintiff was home eating lunch and in accordance with his instructions was summoned by his employee Foster. In the meantime, the brace was removed. Upon plaintiff's arrival, he, Foster, and the tractor driver entered the trailer, the driver going to the far end of the crates, plaintiff stopping at about the mid-point and his employee, Foster, standing at the end of the crates nearest the loading dock. When the outermost, tilted crate was pulled erect, preparatory to its removal, the other two crates toppled towards it, causing all three crates to fall upon plaintiff with resultant grievous injury. It was plaintiff's contention, supported by the testimony of experienced truckers, that defendant's negligence, in failing to tie, block, or tilt the two crates nearest the trailer wall, was a proximate cause of plaintiff's injury.

The trial court directed a verdict against plaintiff on the ground that, as a matter of law, he was con-

tributorily negligent.* He reasoned, properly, that
it was not legally significant in the context of this
case whose duty it was to unload the freight; that,
if defendant had negligently loaded the crates and
if its negligence proximately caused plaintiff's in-
jury, defendant would be liable therefor. However,
he concluded that plaintiff was barred from recovery
because of his own contributory negligence, which
he found as a matter of law, in participating in the
unloading when he knew that the two inside crates
might fall, upon removal of the outer crate, unless
they were tilted also or otherwise secured. In deny-
ing plaintiff's motion for new trial, the trial judge
summarized his conclusion thusly:

"[Plaintiff] placed himself in a position of danger.
He, himself, joined in pulling the leaning crate to-
ward him and thereby released the two upright
crates so that they fell upon him. I cannot convince
myself that any jury has the right to find on the
undisputed proofs in this case—most of it from the
mouth of the plaintiff—that he acted as a careful and
prudent man with his knowledge and in his position
would have acted."

The trial court's decision was premised upon a
factual finding—that plaintiff knew, or should have
known, that the crates as loaded by defendant carrier
were liable to fall as soon as the outermost crate was
straightened. The determination of such fact ques-
tion should have been left to the jury. *Detroit &
M. R. Co.* v. *Van Steinburg* (1868), 17 Mich 99.
Plaintiff had testified that in the process of unload-
ing numerous similar shipments from various car-

---

* The trial court's opinion on plaintiff's motion for new trial ob-
served that plaintiff might be barred from recovery by the doctrine of
assumption of risk, citing *Waltanen* v. *Wiitala* (1960), 361 Mich 504.
Since the trial of this case of *Best, Waltanen* has, of course, been
overruled by *Felgner* v. *Anderson* (1965), 375 Mich 23. The trial court
went on to rule that plaintiff was barred on the alternative grounds
of assumption of risk or contributory negligence.

riers over a period of years, never had the inner crates toppled when the outermost had been moved. In addition, witness Foster, who had assisted in the unloading, testified:

"*Q.* As you were moving this [the outermost crate] up, you didn't attempt to steady and hold up the two upright crates?

"*A.* No.

"*Q.* You were sure they were balanced?

"*A.* We did that.

"*Q.* Did they look like they were tilted at that time?

"*A.* My [By?] naked eye, you could hardly tell the difference.

"*Mr. Gruel:* That's all, thank you.

"RE-DIRECT EXAMINATION By Mr. Hayes:

"*Q.* When you first looked at these crates, were you getting out this board, this board that was wedged in there, was there anything to suggest to you that these crates were going to fall?

"*A.* No, nothing whatsoever, otherwise, we could have avoided a tragedy."

We are not prepared to say that a jury of 12 reasonable men, ideally representing the collective wisdom and experience of the community, would be by law precluded from finding plaintiff free from contributory negligence in such circumstances.

Reversed and remanded for new trial. Costs to plaintiff.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.